WILLIAM O. SMITH, Respondent, *v*. Mrs. JOHN DEDERICK, Wife of JOHN DEDERICK, of Lily Dale, Appellant.

(County Court, Chautauqua County, November, 1896.)

**Costs — Justice's Court.**

> Where an offer of judgment for a specified sum is made and accepted upon an appeal from a justice's judgment, the party in whose favor the judgment is entered cannot tax costs before notice of trial, but is entitled to recover only his disbursements, including the costs of the court below and the return fee.

MOTION for retaxation of costs.

J. Delevan Curtis, for motion.

A. C. Pickard, opposed.

VAN DUSEN, J. In the month of August, 1896, the plaintiff recovered a judgment against the defendant before a justice of the peace of the county for $4.55 damages and costs.

The defendant appealed from the judgment demanding a new trial in the Appellate Court. Thereafter, and within fifteen days after the service of the notice of appeal, the respondent duly served a written offer to allow judgment to be taken and entered against him for $1.25, which offer was, within ten days thereafter, duly accepted and judgment docketed therefor in the clerk's office of Chautauqua county.

Upon the taxation of costs the appellant claimed to be entitled to tax the following items:

| | |
|---|---|
| Costs before notice of trial..................... | $15 00 |
| Serving notice of appeal........................ | 2 00 |

These items were objected to upon a hearing had before the taxing officer, after which they were taxed as against the objector and a judgment was duly entered and docketed against the respondent, which judgment included these items.

Prior to the amendment of 1895 to section 3070 of the Code of Civil Procedure, under which section this offer and acceptance were made, no such items were taxable when the offer and acceptance were for a specified sum. No costs were allowable in such cases. Hollenback v. Knapp, 42 Hun, 207.

No costs of appeal will have been incurred at the time of the acceptance of the offer, as none occurs until after the notice of trial is served. Code, § 3073. This cannot be done at this time. The justice cannot make his return inside of ten days, and the issue is not made until ten days after the filing of the return; and after the offer is served no notice of trial can be properly given while the adverse party is holding the matter under advisement. I assume that it is upon this theory that section 3070 directs the offer to be made without any mention of costs.

The party in whose favor the judgment on the acceptance of the offer is entered is entitled to recover only his disbursements, among which are the costs in the court below and the return fee in taking the appeal.

Section 3070, referred to, makes provision for a class of cases arising upon appeal to the County Court for a new trial. In the first class we find the cases like the one now being considered,

wherein the offer and acceptance are for a specified sum, with no mention regarding costs. It is further provided in such section that where an offer is made the party refusing to accept the same shall be liable for the costs of the appeal, unless the recovery shall be more favorable to him than the sum offered. This provision sustains the construction heretofore given in cases like the one at bar respecting costs. The third provision found in this section is where neither party makes an offer, in which case the party in whose favor the verdict, report or decision in the Appellate Court is given shall be entitled to recover his costs upon the appeal.

The amendment of 1895 was as follows: " Costs when awarded according to the provisions of this section shall be in amounts provided in section 3073 of this article."

The construction to be given to this section as amended, respecting the right to recover costs in a case like the one at bar, has not been changed by the amendment.

The taxation should be set aside and the judgment vacated, with costs of this motion, and the clerk should proceed to tax the disbursements of the appellant, including the $2 for serving the notice of appeal, in accordance with the views herein expressed, entering judgment for the balance in favor of the party entitled thereto.

Motion granted.